# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1768

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
    v.                             *   District Court for the Western
                                   *   District of Missouri.
Robert L. Crose,                   *
                                   *        [PUBLISHED]
            Appellant.             *

_____

Submitted: December 11, 2001

Filed: March 26, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert L. Crose appeals the imposition of the condition as part of his supervised release that he refrain from the consumption or possession of alcoholic beverages. We affirm.

## I.    BACKGROUND

In 1994, appellant Crose was sentenced to eighty-four months' imprisonment followed by five years of supervised release for aiding and abetting in the

manufacture of methamphetamine. On February 13, 2001, the district court[1] revoked Crose's supervised release as a result of Crose's use of illegal drugs. The district court sentenced Crose to eight months' imprisonment, followed by two years of supervised release. As a condition of the supervised release, the district court mandated that "[d]efendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at anytime, and shall not consume any medication containing alcohol." Crose failed to object to the condition the district court imposed, but appeals that condition here.

## II.    DISCUSSION

We review the terms a district court imposes on supervised release for plain error when the defendant fails to raise an objection to those terms. United States v. Bongiorno, 139 F.3d 640, 640 (8th Cir. 1998). Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights. Id. We afford sentencing judges wide discretion when imposing terms of supervised release. United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992).

The Sentencing Guidelines authorize the imposition of any sentencing condition that is "reasonably related to . . . the nature and circumstances of the offense and the history and characteristics of the defendant." U.S. Sentencing Guidelines Manual § 5D1.3(b). This mandate is limited by the requirement that a special term of supervised release may not inflict a "greater deprivation of liberty than is reasonably necessary" to accomplish the goals of the sentence as identified by Congress. 18 U.S.C. § 3583(d)(2). "In imposing any sentence, Congress requires the district court to consider the need for adequate deterrence to criminal conduct, to

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

protect the public from further crimes of the defendant, and to provide the defendant with needed training or treatment." United States v. Behler, 187 F.3d 772, 778 (8th Cir. 1999) (citing 18 U.S.C. § 3553(a)).

Crose argues that the district court erred when it imposed a ban on the possession or consumption of alcohol as a condition of his supervised release. It is clear, however, that the district court's ruling was not plainly erroneous. Crose's presentence report reveals that he was cited on two occasions for possession of intoxicants while he was in prison following a robbery conviction. Crose's presentence report also reveals that he was arrested in 1991 for exposing himself to a waitress at a restaurant when he was extremely intoxicated. Furthermore, according to Crose's wife and mother, Crose was either "high on drugs or very intoxicated" when they had to call the police because he threatened to kill two relatives and then himself. Crose has a history of violence, including three armed robberies and an attempt to arrange for the murder of a fellow inmate. Thus, there was obviously adequate evidence in the record for the district court to conclude that a ban on alcohol was reasonably related to the history and characteristics of Crose.

In addition, it is undisputed that Crose has a serious substance abuse problem. Crose admitted that he has abused heroin, cocaine, LSD, methamphetamine, PCP, crack, Dilaudid, mescaline and marijuana. We have previously observed that the use of alcohol "limits a recovering person's ability to maintain a drug-free lifestyle." Behler, 187 F.3d at 779. Finally, the treatment centers that Crose will enter following his release from custody prohibit the use of alcohol, and the condition set by the district court is consistent with this rehabilitative aspect of Crose's sentence.

Crose argues that his offense was not related to alcohol and there is no evidence in the record that he abuses alcohol. He then cites United States v. Bass, 121 F.3d 1218 (8th Cir. 1997) and Prendergast for the proposition that a district court abuses its discretion when it imposes a ban on alcohol absent evidence of alcohol

abuse or a link between alcohol and the underlying offense. This argument misses the mark. "Our prior case law limits the district court's discretion only insofar as the court imposes limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process." Behler, 187 F.3d at 779. In Bass and Prendergast there was no evidence in the record to support an alcohol ban. In Prendergast, we found an abuse of discretion where the district court imposed an alcohol ban following the defendant's conviction of a wire fraud offense. There was no evidence that alcohol played a role in the offense and no evidence that the defendant had a substance abuse problem. Prendergast, 979 F.2d at 1292-93. In Bass, although the defendant used marijuana with some frequency, there was no evidence of the potential for alcohol abuse and no evidence that the ban on alcohol was necessary for the defendant's rehabilitation. Bass, 121 F.3d at 1224.

Here, on the other hand, there is evidence that Crose has had a problem controlling himself when intoxicated. Also, as previously noted, alcohol use would impede the opportunity for Crose to rid himself of his dependence on drugs. In sum, we think the record in this case more closely aligns itself with Behler, where we concluded that the district court's ban on alcohol was not an abuse of discretion, than it does with Bass and Prendergast, where the record was bereft of any reference to alcohol. The district court committed no error, plain or otherwise.

## III. CONCLUSION

For the reasons stated, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-