# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3266

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff-Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　*　District of Iowa.
Keith Fields,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Defendant-Appellant.　　　*

_____

Submitted: March 11, 2003
Filed: April 8, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Keith Fields pled guilty to one count of selling child pornography in violation of 18 U.S.C. § 2252(a)(3)(B). The district court[1] sentenced Fields to 57 months in prison, followed by a three year term of supervised release under special conditions that restrict his use of computers and the internet. Fields appeals the conditions, and we affirm.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

In the summer of 2001 Fields created lolitagurls.com, an internet site that provided subscribers access to "hard to find" and "shocking" nude pictures of "girls age 12–17." The site generated over $22,000 in revenue for Fields in the approximately eight months it was in operation.

Fields was indicted for possession of child pornography and was later charged by information with selling child pornography. He pled guilty to the latter charge and was sentenced to 57 months and three years supervised release. Special conditions were placed on his release, two of which are the subject of this appeal. Condition seven prohibits Fields from "owning or operating any photographic equipment including … computers, scanners, and printers," and condition eight states that he may not have internet service in his residence and may only possess a computer if he is granted permission by his probation officer and agrees to periodic inspections and other restrictions.

On appeal Fields argues that special conditions seven and eight are not reasonably related to the statutory purposes underlying conditions of release and that they involve a "greater deprivation of liberty than is reasonably necessary," in violation of 18 U.S.C. § 3583. He also raises two constitutional claims, arguing that the conditions are unconstitutionally vague and that they amount to cruel and unusual punishment by burdening his ability to find employment. Because Fields did not object to the special conditions at the sentencing hearing, he would be entitled to no more than plain error review. See United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002).

A sentencing court is afforded "wide discretion when imposing terms of supervised release" within the statutory framework provided by Congress. Id. Under 18 U.S.C. §§ 3583(d)(1) and 3553(a), special conditions on a term of supervised release must be "reasonably related" to the following factors—the nature and circumstances of the offense, the history and characteristics of the defendant,

deterrence of criminal conduct, protection of the public from further crimes of the defendant, and needed educational or vocational training, medical care or other correctional treatment. Section 3583(d)(2) also requires that the special conditions involve "no greater deprivation of liberty than is reasonably necessary" to advance the statutory purposes.

The widespread use of computers and the internet have provided new opportunities to deal in and view child pornography, and courts have fashioned some special conditions of release for defendants convicted of such crimes to place restrictions on their use of computers and the internet. Appellate courts have overturned conditions seen as overly restrictive, especially in cases involving simple possession of child pornography. See United States v. Sofsky, 287 F.3d 122, 124–126 (2d Cir. 2002) (conditions forbidding use of computers and internet without permission from probation officer limited access to important source of information and communication); see also United States v. Freeman, 316 F.3d 386, 391–92 (3d Cir. 2003); United States v. White, 244 F.3d 1199, 1205–07 (10th Cir. 2001); but see United States v. Zinn, 321 F.3d 1084, 1092–93 (11th Cir. 2003) (conditions upheld). In cases where defendants used computers or the internet to commit crimes involving greater exploitation, such restrictions have been upheld. See, e.g., United States v. Paul, 274 F.3d 155, 158 (5th Cir. 2001) (defendant possessed child pornography on his computer and used the internet to discuss ways to find "young friends"); United States v. Crandon, 173 F.3d 122, 125 (3d Cir. 1999) (defendant used the internet to meet a fourteen year old girl with whom he engaged in sexual activity and took pornographic pictures).

There is no doubt in this case that special conditions seven and eight are reasonably related to the statutory factors for supervised release. Limits on Fields' use of computers and the internet are obviously related to the circumstances of his offense—running a child pornography website for profit. The conditions are calculated to deter Fields from repeating his illegal activity and to protect the public

from similar conduct. See Zinn, 321 F.3d at 1092–93; Paul, 274 F.3d at 169. Although the restrictions could conceivably impact Fields' access to educational or vocational training, he points to no specific programs in which he is interested. He may also raise any concrete concerns with his probation officer and the district court if and when they arise.

The key question here is whether the conditions involve a "greater deprivation of liberty than is reasonably necessary" to advance the statutory interests. Selling subscriptions to child pornography is more serious than a possessory offense. Fields' website exploited young girls for profit, and though he may not himself be a child predator, he made materials available for others who fit that description. Moreover, the conditions do not constitute a total ban on his use of computers or the internet. Although he is barred from using computers as photographic equipment and from having internet access in his home, he may use and even possess a computer with the permission of his probation officer. We find no abuse of discretion in the imposition of conditions seven and eight and certainly no plain error.

Fields' constitutional claims are without merit. First, we find nothing vague about the conditions imposed by the district court and do not believe that providing a probation officer with discretion regarding Fields' computer use subjects him to arbitrary or selective enforcement of the law. Second, he cites no case in which a condition of supervised release was found to constitute cruel and unusual punishment, and instead supports his Eighth Amendment claim with citations to the United States Code and the United States Sentencing Guidelines requiring that occupational conditions be no more restrictive than necessary. See 18 U.S.C. § 3563(b)(5) (2000); United States Sentencing Guidelines § 5F1.5 (Nov. 2002). We note that special conditions seven and eight do not by their terms impose any occupational restrictions and permit application to the probation officer to obtain greater access.

We conclude that the district court did not deviate from any established legal

rule in setting the conditions of Fields' supervised release.  See Crose, 284 F.3d at 912.  We find no basis for plain error and no abuse of discretion, and the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.