# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1111

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Scott Ristine, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 2003

Filed: July 2, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Scott Ristine pleaded guilty to one count of receiving child pornography. He now appeals various supervised-release conditions imposed by the District Court[1] that restrict his possession of pornography, his use of photographic equipment and computers, and his access to the Internet. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I.

The Colorado Springs Police Department ran an undercover operation in which an officer posed via the Internet as a guide for persons interested in overseas tours during which participants could have sex with minors. From his home computer, Ristine contacted the undercover officer and stated his desire to sign up for such a tour. Ristine later told the officer that he could not afford the cost of a tour, but he indicated interest in videos and photographs sold by the tour company. The officer emailed Ristine a catalog of videotapes, and Ristine ordered, over email, a videotape titled "The Sex Party" that was described in the catalog as featuring boys and girls under age ten engaging in sexual acts. After a controlled delivery of the video to Ristine's residence, law enforcement agents executed a search warrant at the residence and found the videotape, which Ristine admitted to ordering. He also admitted to possessing thousands of child pornography images that he downloaded from the Internet and to exchanging these images with other Internet users. By the time the agents completed their search, they had uncovered 111 floppy disks containing pornographic images of children, two computer hard drives with such images, and three videotapes of child pornography.

After pleading guilty to one count of receiving child pornography, the District Court sentenced Ristine to twenty-seven months of imprisonment with three years of supervised release subject to eight special conditions. On appeal, Ristine claims that four of his release conditions violate 18 U.S.C. § 3583(d)(2) (2000) because they constitute a greater deprivation of liberty than is reasonably necessary to achieve their purposes.

## II.

We generally review the terms and conditions of supervised release for an abuse of discretion. United States v. Kent, 209 F.3d 1073, 1075 (8th Cir. 2000).

When a defendant failed to raise a timely objection to those terms, however, our review is only for plain error. United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002) (per curiam). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." Id. Here, Ristine did not object at sentencing to the release conditions that he now appeals, but he argues that we should use an abuse of discretion standard, and not plain error, because his failure to object stemmed from his lack of notice that the challenged conditions would be imposed. We reject this argument for two reasons. First, there is no case law in our Circuit to support it. Second, we find unpersuasive the two cases Ristine cites from other circuits that he believes lends credence to his position. United States v. Scott, 316 F.3d 733, 734 (7th Cir. 2003), is not in point because the defendant in that case opposed the challenged condition at sentencing. United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002), cert. denied, 123 S. Ct. 981 (2003), does involve a defendant who failed to object at sentencing to a challenged condition; in that case, the Second Circuit decided to "relax the otherwise rigorous standards of plain error review" because the defendant lacked prior notice that the District Court would impose the challenged condition and because "correcting a sentencing error results in, at most, only a remand for resentencing or . . . for a modification of the allegedly erroneous condition of supervised release." Id. We decline to read our precedent to call for a relaxed standard based on these justifications. Accordingly, we review for plain error.

A.

Ristine first challenges a special condition of supervision that prohibits him from owning or possessing "any pornographic materials." See Judgment Order at 4 (December 30, 2002). The condition also bans his use of "any form of pornography or erotica" and his entry into "any establishment where pornography or erotica can be obtained or viewed." Id. Ristine's argument is that the restrictions concerning

-3-

pornography in this condition are overbroad and vague.[2] To the extent the restrictions are overbroad, he argues that they prevent him from accessing materials that he believes he has a First Amendment right to view. To the extent the restrictions are vague, he contends that they fail to give him adequate notice as to when he would violate the condition.

Ristine's argument that the pornography-related restrictions are overbroad is without merit. In light of the significant evidence in the record that demonstrates Ristine's obsession with or addiction to child pornography, we believe that the ban on pornography is appropriately tailored to serve its dual purposes of promoting Ristine's rehabilitation and protecting children from exploitation. Ristine's more powerful argument is that the vagueness of "pornography" leaves him without notice as to what film, prose, and art he may view without violating the challenged condition.[3] We have not addressed this issue before, and the circuit courts that have considered similar conditions have divergent views. In striking down a condition banning a defendant from possessing "all forms of pornography, including legal adult pornography," the Third Circuit explained that "without a more definitive standard to guide the probation officer's discretion, there is a real danger that the prohibition on pornography may ultimately translate to a prohibition on whatever the officer

[2]We note that Ristine does not argue that the restrictions concerning "erotica" are overbroad or vague.

[3]Compare Webster's Third New International Dictionary 1767 (1983) (defining "pornography" as "a description of prostitutes or prostitution" or "a depiction (as in writing or painting) of licentiousness or lewdness: a portrayal of erotic behavior designed to cause sexual excitement") with The American Heritage Dictionary 1410 (3d ed. 1992) (defining "pornography" as "[t]he presentation or production of . . . [p]ictures, writing or other material that is sexually explicit and sometimes equates sex with power and violence") and Cass R. Sunstein, Pornography and the First Amendment, 1986 Duke L. J. 589, 592 (proposing definition of "pornography" that includes sexual explicitness, depictions of women as enjoying or deserving physical abuse, the purpose of arousal, and the effect of arousal).

personally finds titillating." United States v. Loy, 237 F.3d 251, 261, 266 (3d Cir. 2001). On the other hand, the Fifth Circuit recently upheld a condition that prohibited the defendants from possessing "sexually oriented or sexually stimulating materials." United States v. Phipps, 319 F.3d 177, 192–93 (5th Cir. 2003). The Fifth Circuit reasoned that "'sentencing courts must inevitably use categorical terms to frame the contours of supervised release conditions'" because "'it would be impossible to list' every instance of prohibited conduct." Id. at 193 (quoting United States v. Paul, 274 F.3d 155, 166 (5th Cir. 2001), cert. denied, 535 U.S. 1002 (2002)).

Were we reviewing this special condition for an abuse of discretion, we might be forced to select the line of reasoning we find more compelling, but the standard here is plain error. Even if we sided with the Third Circuit and concluded that the special condition deviates from a legal rule, we cannot conclude that the District Court committed an error that is clear under current law because, as Loy and Phipps illustrate, the current law concerning this issue is unsettled. Because the imposition of the condition was not plain error, we are bound to uphold it.

B.

Ristine next claims that two release conditions concerning photographic equipment, computers, and Internet use are overbroad. Special Condition 3 states that Ristine is "prohibited from owning or operating any photographic equipment including, but not limited to, cameras, digital cameras, videotaping recorders, camcorders, computers, scanners, and printers." Judgment Order at 4. Special Condition 4 allows Ristine's probation officer to permit Ristine to possess a computer, but Ristine must consent to periodic unannounced examinations and inspections of his computer as well as to the installation of hardware or software that monitors his computer use. Id. Even if Ristine is permitted to have a computer, he may not have Internet service at his residence. Id.

We first consider the restrictions on Ristine's use of a computer and access to the Internet. Ristine identifies courts that have rejected prohibitions on Internet use as a release condition for persons convicted of child pornography offenses, see United States v. Freeman, 316 F.3d 386, 392 (3d Cir. 2003); Sofsky, 287 U.S. at 126, but our court is not among them. See United States v. Fields, 324 F.3d 1025 (8th Cir. 2003). In Fields, the defendant was convicted of selling child pornography, and his release conditions included nearly identical restrictions on using computers and accessing the Internet as those imposed on Ristine. We acknowledged in Fields that some courts have decided that Internet bans are overly restrictive release conditions, but we concluded that the imposition of the restrictions on computers and on Internet use was not an abuse of discretion and was "certainly" not plain error. Id. at 1027. We reached our decision based largely on two considerations. First, there was evidence that the defendant did more than merely possess child pornography; he sold subscriptions to pornographic images. Second, the defendant was not completely prohibited from using a computer; he could possess a computer with the permission of the probation officer. Id.

These two considerations are present in Ristine's case and operate with the same force in our analysis. Like the defendant in Fields, Ristine more than merely possessed images of child pornography—he exchanged the images with other Internet users, and he attempted to arrange sexual relations with underage girls. In addition, Ristine—like the Fields defendant—is not wholly barred from using a computer. The primary difference between Fields and this case is that the defendant in Fields established a website that provided paid subscribers with images of naked minors, whereas Ristine exchanged pornographic images with other Internet users without charging a fee. This distinction is of no consequence. Ristine's pornography collection was available to other Internet users, just as were the images on the website in Fields; we accordingly believe that the exploitation of young girls was of the same degree in both cases.

We also conclude that the restrictions on Ristine's use of photographic equipment, including cameras, do not deprive Ristine of a greater liberty interest than is reasonably necessary. Although there is no evidence in the record that Ristine photographed any minors, he possessed thousands of photos of underage women and expressed interest in having sexual relations with underage women. It is therefore reasonable to believe that Ristine likely would photograph underage women and would exchange those photographs with other Internet users. In Fields, we upheld an identical restriction on photographic equipment without reliance on any evidence that the defendant in that case used such equipment. Id. Inasmuch as this case cannot be distinguished from Fields in any meaningful way, we apply the Fields approach and conclude that the District Court did not commit plain error in restricting Ristine from owning photographic equipment.

C.

Finally, Ristine challenges a condition barring him "from places where minor children under the age of 18 congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the probation officer." Judgment Order at 4. Ristine argues that the condition is vague and could be read to ban him from all parks, beaches, and pools; if read in this manner, the restriction would be overbroad. We reject Ristine's reading of this condition for two reasons. First, the purpose of this release condition is to limit Ristine's access to children. It is therefore sensible for the condition to restrict Ristine's presence at places where children are actually present. Second, because "residences" is in the same list of banned places as parks, beaches, and pools, Ristine's proposed reading of the condition would result in his banishment from all residences, including those of his friends, his family, and—taking this argument to its end—his own residence. This is an absurd result and obviously is not the intent of the District Court. Because we believe that the condition should be read to prohibit Ristine's presence only at those residences, parks, etc., where children under

-7-

the age of eighteen actually congregate, it is not overbroad, and its imposition is not plain error.  See Paul, 274 F.3d at 166–67 (concluding that condition requiring defendant to avoid places, establishments, and areas frequented by minors was neither vague nor overbroad).

## IV.

For the reasons stated, we affirm the sentence imposed by the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.