[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2008
THOMAS K. KAHN
CLERK

No. 07-14962
Non-Argument Calendar

_____

D. C. Docket No. 07-00068-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WILKINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 19, 2008)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Richard Wilkinson appeals his sentence for

transporting and shipping child pornography, in violation of 18 U.S.C.

§ 2252A(a)(1) and (b)(1). Specifically, Wilkinson argues that the special condition

of supervised release that Wilkinson "not possess or have under [his] control any

pornographic, sexually oriented or sexually stimulat[ing] material" or "patronize

any establishment where such material or entertainment is available" is vague,

overbroad, and unduly restrictive in violation of his First Amendment and due

process rights. Because Wilkinson has not established plain error, we affirm.[1]

## I. BACKGROUND

Wilkinson pled guilty to knowingly transporting and shipping child

pornography in interstate or foreign commerce by means of a computer, in

violation of 18 U.S.C. § 2252A(a)(1) and (b)(1).[2]

According to the Presentence Investigation Report ("PSI"), a Federal Bureau

of Investigation ("FBI") special agent, as part of an undercover initiative targeting

the transmission of child pornography, logged on to the LimeWire peer-to-peer

file-sharing network and used a search term associated with a known series of

photographs depicting child pornography. The search results led to an Internet

---

[1]Because Wilkinson failed to object to the terms of supervised release in the district court, despite being given the opportunity to do so, we review for plain error. United States v. Zinn, 321 F.3d 1084, 1087-88 (11th Cir. 2003).

[2]Wilkinson also was charged with possession of child pornography, in violation of § 2252A(a)(5)(B) and (b)(2). This charge was dismissed by the government pursuant to the plea agreement.

Protocol ("IP") address from which the agent was able to download three images containing child pornography labeled "illegal preteen," "rape," and "preteen underage lolita kiddy child incest." The FBI agent determined that the IP address was registered to Wilkinson. In executing a search warrant, FBI agents seized various items from Wilkinson's residence, including DVDs and two computers. Several of the DVDs contained Japanese animated pornography and another DVD depicted a young teenager being raped by an adult. Wilkinson's computer contained 1 child pornography movie and 794 child pornography images. The images primarily were of young girls under the age of 12. Ten to twenty of the images depicted children in bondage, and several depicted toddlers.

At sentencing, the district court adopted the PSI's findings and calculations of an adjusted offense level of 34 and a criminal history category of I, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment. The district court sentenced Wilkinson to 160 months' imprisonment and 10 years' supervised release. In addition to the standard conditions of supervision, the district court imposed thirteen additional conditions. One of the additional supervised release conditions, referred to herein as "Special Condition 7," provided that:

> You shall not possess or have under your control any pornographic, sexually oriented or sexually stimulat[ing] material, including,

3

auditory, telephonic or electronic media. You shall also not patronize any establishment where such material or entertainment is available.

Wilkinson's counsel did not object to Special Condition 7 at sentencing. Wilkinson's counsel stated that "there was so much information" in the supervised release conditions that the district court had announced and that the district court should have given Wilkinson advance notice that it was going to impose all of the conditions that it did. The district court responded, "That's what was recommended by the probation office."[3] Wilkinson's counsel then made oral objections to the supervised release condition restricting Wilkinson's internet access and to the district court's sentence in the middle of the guidelines range, but not to Special Condition 7. On October 3, 2007, the district court entered a final judgment.

Subsequently, on October 17, 2007, Wilkinson filed a motion to modify the conditions of his supervised release, pursuant to 18 U.S.C. § 3583(e)(2), which, inter alia, challenged Special Condition 7. On October 18, 2007, Wilkinson filed a notice of appeal of the district court's October 3, 2007 judgment. On November 1, 2007, the district court denied Wilkinson's § 3583(e)(2) motion as to Special

_____

[3]The probation officer's sentencing recommendation includes the additional supervised release conditions. However, pursuant to local rules in the Northern District of Florida, a probation officer's sentencing recommendation is disclosed only to the sentencing judge. N.D. Fla. Loc. R. 88.1(B).

Condition 7.

## II. DISCUSSION

**A.  November 1, 2007 Order Denying § 3583 Motion**

As an initial matter, we lack jurisdiction to review the district court's November 1, 2007 order denying in part Wilkinson's § 3583(e)(2) motion.  Federal Rule of Appellate Procedure 4(b)(1)(A) requires a notice of appeal to be filed within ten days after the entry of the order being appealed.  Fed. R. App. P. 4(b)(1)(A).  "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001) (quotation marks omitted).  Here, Wilkinson filed his notice of appeal on October 18, 2007, which was after the district court entered its October 3, 2007 judgment, but before its November 1, 2007 order ruling on Wilkinson's § 3583(e)(2) motion.

Wilkinson never amended his October 18 notice of appeal to include the district court's November 1 order.  Although an amended notice of appeal is not required to appeal the disposition of some post-judgment motions, a § 3583(e)(2) motion to modify the terms of supervised release is not one of the listed exceptions to this rule.  See Fed. R. App. P. 4(b)(3)(C).  Because Wilkinson never amended his October 18 notice of appeal, we lack jurisdiction to review the district court's

5

November 1 order. Wilkinson's notice of appeal was timely as to the district court's October 3, 2007 final judgment, so we have jurisdiction to review the underlying sentence imposing the special condition of supervised release.

**B.    Sentence**

"[T]he district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in [18 U.S.C.] § 3553(a)." United States v. Zinn, 321 F.3d 1084, 1089 (11th Cir. 2003) (citing 18 U.S.C. § 3583(d)). The district court may impose any conditions of supervised release that are "reasonably related" to the § 3553(a) factors, so long as the conditions "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth [in § 3553(a)] and are consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b); Zinn, 321 F.3d at 1089. "[W]hile the Sentencing Guidelines recognize that a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." Zinn, 321 F.3d at 1089. "Conditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors." United States v. Nash, 438 F.3d 1302, 1307 (11th Cir. 2006).

6

On appeal, Wilkinson asserts that the term "pornography" in Special Condition 7 is vague, overbroad, and unduly restrictive in violation of his First Amendment and due process rights. However, Wilkinson failed to object to Special Condition 7 on these grounds at the sentencing hearing when given the opportunity to do so.[4] Thus, we review Wilkinson's challenge to his underlying sentence for plain error.[5]

Even assuming arguendo that the district court erred in imposing Special Condition 7, Wilkinson has failed to show such an error was plain. Neither the Supreme Court nor this Court has addressed whether the term "pornography" used in Special Condition 7 is unconstitutionally vague or overbroad or violates a defendant's First Amendment rights. Other circuits have split on the issue of whether the terms used in Special Condition 7 are constitutional. Compare United States v. Antelope, 395 F.3d 1128, 1141-1142 (9th Cir. 2005) (concluding that supervised release condition restricting possession of "any pornographic, sexually oriented or sexually stimulating materials" was unconstitutionally vague), and

---

[4]Although Wilkinson later raised these arguments in his § 3583(e)(2) motion, as explained above, we lack jurisdiction to review the district court's order addressing these arguments because Wilkinson never amended his notice of appeal to include the district court's November 1 order.

[5]"We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).

United States v. Loy, 237 F.3d 251, 263-67 (3d Cir. 2001) (concluding that supervised release condition restricting possession of "all forms of pornography, including legal adult pornography" was unconstitutionally vague and overbroad), with United States v. Boston, 494 F.3d 660, 667-68 (8th Cir. 2007) (concluding that supervised release condition that defendant could not "view or possess any form of pornography, sexually stimulating or sexually oriented material" or "enter any location where pornography or erotica are the primary products for purchase or viewing" was not unconstitutionally overbroad),[6] and United States v. Phipps, 319 F.3d 177, 192-93 (5th Cir. 2003) (concluding, under plain error review, that supervised release condition restricting possession of "sexually oriented or sexually stimulating materials" and "patroniz[ing] any place where such material or entertainment is available" was not unconstitutionally vague (alteration in original)), and United States v. Bee, 162 F.3d 1232, 1234-1235 (9th Cir. 1998) (concluding that supervised release condition restricting possession of "any sexually stimulating or sexually oriented material" or "patroniz[ing] any place where such material or entertainment is available" did not violate the First

---

[6]See also United States v. Ristine, 335 F.3d 692, 694-95 (8th Cir. 2003) (rejecting challenge that supervised release condition restricting the defendant from owning or possessing "any pornographic materials," using "any form of pornography or erotica," or entering "any establishment where pornography or erotica can be obtained or viewed" was vague and overbroad under plain error review because, in light of the split in the circuits, the current law was unsettled).

Amendment).

Because neither the Supreme Court nor this Court has addressed the issues raised by Wilkinson on appeal and other circuits differ in their holdings, Wilkinson has failed to show that the district court committed plain error by imposing Special Condition 7 as a term of his supervised release. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."); United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (stating that an error cannot meet the "plain" requirement of the plain error rule unless the error is "clear under current law"). Accordingly, we affirm Wilkinson's sentence.

**AFFIRMED.**