# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1358

_____

United States of America

*Plaintiff - Appellee*

v.

Craig Goettsch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 11, 2016
Filed: February 10, 2016

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Craig Goettsch pled guilty to possession of child pornography and was sentenced to 60 months imprisonment. The district court[1] also placed Goettsch on five years of supervised release and imposed a special condition restricting his use of

---

[1] The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

electronic devices and the internet. Goettsch appeals seeking to vacate or modify this special condition, and we affirm.

## I.

On May 12, 2013 government officers identified a computer which was engaged in the distribution of child pornography using a file sharing program on the internet. Government officials conducted an investigation and determined that Craig Goettsch owned the computer they had identified. Based on this information, the government obtained a warrant to search Goettsch's computer and his home where the computer had been located. The officers executed the search on January 21, 2014 and recovered two computers and a USB flash drive.

Officers met with Goettsch at his workplace in a conference room on January 22, 2014. When they asked Goettsch if he knew why they had executed a search warrant in his home, Goettsch replied that it probably had to do with the "child porn" on his computer. He admitted to viewing and storing child pornography for the past 10 years on his computer. A forensic examination of his laptop and USB flash drive uncovered 500 images of child pornography, 300 images of child erotica, and 100 videos of child pornography, some of which portrayed "sadistic or masochistic conduct" according to the presentence investigation report. The government charged Goettsch with four counts of receipt of child pornography and one count of possessing child pornography. See 18 U.S.C. § 2252(a)(2), (b)(1); id. § 2252A(a)(5)(B), (b)(2).

On October 2, 2014, Goettsch pled guilty to possessing child pornography, and the remaining counts were dismissed. During the sentencing hearing on January 28, 2015 the district court made an individualized inquiry into the facts and circumstances underlying Goettsch's charges and referenced the presentence investigation report which detailed his criminal activity and the content of the child

pornography in his possession. The court sentenced Goettsch to 60 months imprisonment and imposed five special conditions of supervised release. One of the special conditions stated that "[e]xcept for purposes of employment, [Goettsch] shall not possess, use or have access to a computer or any other electronic device that has internet or photographic capabilities, without the express prior written approval of the U.S. Probation Office." Goettsch appeals the validity of this special condition.

## II.

We review a district court's imposition of the terms and conditions of supervised release for plain error where, as here, the defendant failed to object to the terms at his sentencing hearing. See United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003). Although a sentencing judge has wide discretion when imposing the terms of supervised release, the court's discretion is limited by "the requirement that the conditions be reasonably related to § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission." United States v. Koch, 625 F.3d 470, 481 (8th Cir. 2010) (internal quotation marks omitted); see also 18 U.S.C. § 3583(d).

Goettsch argues that the court plainly erred by imposing a restriction on his use of the internet and electronic devices because the special condition was not reasonably related to the nature and circumstances of his offense, his history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes he might commit, or his educational, vocational, medical or other correctional needs.[2] See id. § 3583(d)(1). He also claims that the condition unreasonably deprives him of his First Amendment rights. In Ristine we identified two relevant factors for determining the propriety of a restriction on computer and

_____

[2] We grant Goettsch's pending motion to supplement the record.

internet use.  See 335 F.3d at 696.  We look to whether there was evidence demonstrating that "the defendant did more than merely possess child pornography," and whether the restriction amounts to a total ban on internet and computer use.  Id. Cf. United States v. Morais, 670 F.3d 889, 896 (8th Cir. 2012) (holding there is no "per se rule that a district court may never impose a prior-approval Internet use restriction based on a defendant's receipt and possession of child pornography").

The record demonstrates that for the past decade Goettsch actively downloaded thousands of child pornography images, some of which involved "depictions of violence" and portrayed children younger than 12 years old.  See id. at 896–97. Goettsch also shared files over the internet through a file sharing program.  The computer and internet restriction imposed by the district court in this case is reasonable because it is not a total ban on internet and computer use.  Goettsch may access computers for employment purposes and may obtain permission from his probation officer to use a computer for any other legitimate personal purpose.  See Koch, 625 F.3d at 482.  We conclude that the district court did not plainly err in imposing a special condition limiting Goettsch's computer use and internet access. We therefore affirm Goettsch's sentence.

_____