NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1134
_____

UNITED STATES OF AMERICA

v.

WILLIAM TELLES,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:16-cr-322-1)
District Judge:  Hon. Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2018

Before:  CHAGARES, JORDAN, and VANASKIE, *Circuit Judges.*

(Filed:  November 14, 2018)
_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

William Telles appeals the sentence imposed on him by the United States District

Court for the Eastern District of Pennsylvania.  In particular, he objects to a special

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

condition of supervised release that restricts his employment. For the following reasons, we will affirm.

## I. BACKGROUND

Telles initiated an online conversation with an undercover law enforcement officer and expressed his sexual interest in very young boys. He shared a video of the rape of a small boy. Telles engaged in graphic discussions of abuse and made plans to meet with the officer in order to abuse the officer's (fictitious) 9-year-old daughter and Telles's (fictitious) 5-year-old nephew.

A search of Telles's apartment uncovered "464 images and 170 videos … of very hard core and violent child pornography[,]" much of which involved prepubescent children and the rape of infants and toddlers. (Presentence Investigation Report ("PSR") ¶ 11.) The evidence revealed that Telles had distributed, received, and requested child pornography, had "described in great detail his sexual attraction to very young boys and babies[,]" and had "solicited others to meet up to sexually abuse young boys and babies[.]" (PSR ¶¶ 12-13.) It did not, however, show that Telles had ever personally abused a child.

Before his arrest, Telles worked for an early childhood education provider called Pathstone, in an "office located adjacent to the daycare and preschool rooms[.]" (PSR ¶ 71.) There, he supervised "teachers and other daycare facility employees that worked directly with children up to age five[,]" but, according to the PSR prepared in this case, he did not enter the daycare and preschool facility, or enter rooms with children. (PSR ¶ 71.) He had also previously been employed as a substitute teacher.

2

Telles pled guilty to distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2552(a)(2) and 2252(a)(4)(B). Besides a substantial term of incarceration, the District Court sentenced Telles to 10 years of supervised release with a special condition that prohibited "any employment at businesses where minors frequent, including but not limited to daycare centers, schools, shopping areas and restaurants." (App. at 7.)

At sentencing, the District Court discussed the 18 U.S.C. § 3553(a) factors in detail and observed that the facts presented were "among the worst" the Court had ever seen. (App. at 129.) Given Telles's work in childcare and his criminal conduct, the Court noted that "the interest in community protection and the interest in deterrence are very high[.]" (App. at 134.) In imposing the supervised release condition now at issue, the Court found "a reasonably direct relationship between the defendant's occupation or business and the conduct relevant to the offense … [and] that this restriction is reasonably necessary to protect the public." (App. at 135.)

## II.  DISCUSSION[1]

On appeal, Telles challenges the special condition of supervised release barring him from working "where minors frequent[.]" (App. at 7.) He did not, however, object to that condition in the District Court.

"Where … a defendant fails to object to the conditions imposed at sentencing," we review for plain error. *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

"Plain error exists only when (1) an error was committed (2) that was plain, and (3) that affected the defendant's substantial rights." *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir. 2007). The decision to correct plain error is discretionary, and we will do so "only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (citations omitted). An error is "plain" if it is "clear or obvious rather than subject to reasonable dispute." *United States v. Dahl*, 833 F.3d 345, 358 (3d Cir. 2016) (citation omitted). The objecting party bears the burden to establish plain error. *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005). In assessing a special condition, "we may affirm … if we can 'ascertain any viable basis for the … restriction in the record before the District Court[.]'" *United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010) (citations omitted).

Telles's first argument is that the condition is unconstitutionally vague. He says that "reasonable people would likely disagree about how to identify 'businesses where minors frequent[,]'" and that the "examples that follow [the words 'where minors frequent'] – 'daycare centers, schools, shopping areas and restaurants'" – have no "discernable theme[,]" thereby injecting ambiguity into the condition. (Opening Br. at 17.) Those contentions are unavailing.

Our Court has held that a condition of supervised release "violates due process of law if it 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Loy*, 237 F.3d 251, 262 (3d Cir. 2001) (citations omitted). Conditions "must provide specific standards which avoid arbitrary and discriminatory

4

enforcement." *United States v. Maloney*, 513 F.3d 350, 357 (3d Cir. 2008) (citations omitted). Nevertheless, they "do not have to be cast in letters six feet high, or to describe every possible permutation, or to spell out every last, self-evident detail." *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994). Rather, they "can be written–and must be read–in a commonsense way." *Id.*

We have not specifically addressed the condition of supervised release at issue here, but several of our sister circuits have looked at ones like it, and they have affirmed them against vagueness challenges. *See, e.g.*, *United States v. Zobel*, 696 F.3d 558, 575 (6th Cir. 2012) (upholding a condition prohibiting the defendant "from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc."); *United States v. MacMillen*, 544 F.3d 71, 74, 76 (2d Cir. 2008) (upholding a condition barring the defendant from "any areas or locations where children are likely to congregate[,] such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, and recreation parks, unless prior approval has been obtained from the probation office"); *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003) (per curiam) (upholding a condition requiring that the defendant "refrain from entering into any area where children frequently congregate, including schools, day care centers, theme parks, playgrounds, etc."); *United States v. Ristine*, 335 F.3d 692, 696-97 (8th Cir. 2003) (upholding "a condition barring [the defendant] 'from places where minor children under the age of 18 congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the probation officer[,]'" after concluding

5

that the condition only applied where minors "actually congregate" (citation omitted));

*United States v. Paul*, 274 F.3d 155, 166-67 (5th Cir. 2001) (upholding a condition requiring the defendant "to avoid 'places, establishments, and areas frequented by minors'").[2]  And although Telles argues that the list of forbidden workplaces renders the challenged condition ambiguous, the condition's purpose clearly "is to limit [Telles's] access to children[,]" *Ristine*, 335 F.3d at 696.  Thus, a commonsense reading of it leads to the conclusion that it only applies to locations that minors do in fact frequent, so, for example, not restaurants in casinos.  *Id.* at 696-97.[3]  Given that courts regularly uphold conditions barring defendants from places that minors frequent, the District Court did not plainly err.[4]

---

[2] Telles suggests that many conditions that have been upheld "were limited to places associated primarily with minors."  (Reply Br. at 8.)  But we fail to see how the examples named in the special conditions upheld in other cases – recreation parks, sporting events, shopping malls, recreational facilities, residences, parks, beaches, and pools – are "associated primarily with minors" to a greater degree than the examples listed in the condition challenged here.

[3] That view is confirmed by the fact that Telles is subject to another condition, not challenged on appeal, that bars him from jobs or "volunteer work which includes regular contact with children under the age of eighteen[.]"  (App. at 7.)  The challenged condition is clearly designed to limit Telles's access to children, not to ban him from employment where no minors are present.

[4] Telles also asserts that "[t]he condition would not make sense even if read narrowly to cover only child-focused businesses, since [he] is already barred from such employment under" the condition banning him from jobs involving regular contact with children. (Opening Br. at 17-18.)  Absent the challenged condition, however, there could be "child-focused" places where Telles might claim a right to work, saying that he would not have regular contact with children.  He might try, for example, to argue that the Pathstone office where he did administrative work before his arrest is such a place, despite its adjacency to rooms filled with children.

Telles's second argument is that the challenged condition is overbroad under 18 U.S.C. § 3583(d) and United States Sentencing Guidelines ("U.S.S.G.") § 5F1.5. He claims that the condition "forbids nearly all of the service-industry work that might be available to a physically slight, high-school graduate like him[self]," thereby imposing "'a seemingly insurmountable barrier' to his obtaining meaningful employment." (Opening Br. at 19 (quoting *United States v. Voelker*, 489 F.3d 139, 149 (3d Cir. 2007)).) And he contends that the condition's 10-year duration will "mak[e] it difficult if not impossible for him to secure meaningful employment during the most important period of his 'integration … back into the community.'" (Opening Br. at 20 (citations omitted).) Hence, Telles argues that the condition is excessive, particularly given that he is subject to other special conditions, has never physically abused a child, and has avoided interactions with children at work. We disagree.

All special conditions must meet the standards set out at 18 U.S.C. § 3583(d). First, they must be "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D)[,]" that is, "the nature and circumstances of the offense[,]" "the history and characteristics of the defendant[,]" and "the need for the condition to deter future criminal conduct, protect the public, and [rehabilitate the defendant]." *Loy*, 237 F.3d at 256. Second, they "must involve no greater deprivation of liberty than is reasonably necessary to" meet those deterrence, protection, and rehabilitation ends. *Id.* In short, conditions

7

must be "sufficient [for those purposes], but not greater than necessary." *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011).[5]

Within those limits, district courts may impose special conditions "barring a convicted individual 'from engaging in a specified [occupation], business, or profession bearing a reasonably direct relationship to the conduct constituting the offense[,]'" but such conditions are subject to additional requirements. *United States v. Smith*, 445 F.3d 713, 717 (3d Cir. 2006) (quoting 18 U.S.C. § 3563(b)(5)). The sentencing court must find that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction[,]" and that "such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in conduct similar to that for which the defendant was convicted." *Id.* (quoting U.S.S.G. § 5F1.5(a)). In addition, the condition must only be imposed for "the minimum time and to the minimum extent necessary to protect the public." *Id.* (quoting U.S.S.G. § 5F1.5(b)).

Telles does not contest that the challenged condition is "reasonably related to" the 18 U.S.C. § 3553(a) factors, *Loy*, 237 F.3d at 256, or that a "reasonably direct relationship" existed between his work and the offense conduct, *Smith*, 445 F.3d at 717 (citations omitted). The question, then, is whether the condition, both in scope and duration, is tailored to the case and reasonably necessary to protect the public.[6]

---

[5] Special conditions additionally must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

[6] We use "tailored to the case and reasonably necessary to protect the public" as a

8

As to scope, the District Court did not plainly err. The conduct relevant to the offense of conviction involved soliciting and planning the sexual abuse of children as well as the distribution, receipt, and possession of a large amount of child pornography, much of which depicted the violent and extreme abuse of toddlers and infants. Although there is no evidence that Telles abused a child himself, he has exhibited a terrible desire to sexually exploit and victimize children, and he was, when caught, arranging to shift from voyeur to active abuser. He thus poses a particular danger to society in the employment context, since his past employment provided him with access to and authority in places frequented by children. There was, then, no error, let alone plain error, in the District Court's determination that the challenged condition is properly tailored to Telles's case and "reasonably necessary to protect the public." (App. at 135;) *Smith*, 445 F.3d at 717 (citation omitted). *Cf. Maurer*, 639 F.3d at 75, 85 (observing that a defendant "convicted only for possession of child pornography" posed "a risk to children" and therefore could be restricted in his association with minors because "his substantial collection of child pornography … depicted sadistic and violent sexual abuse of prepubescent children[,]" he had "suggested ['to a fictitious eighteen-year-old']

_____

shorthand for the issues presented here, which include whether the challenged condition involves a greater deprivation of liberty than is reasonably necessary for deterrence, protection, and rehabilitation; is sufficient but not greater than necessary for those purposes; is reasonably necessary to protect the public; and has been imposed for the minimum time and to the minimum extent necessary to protect the public. In our view, those standards reflect largely overlapping principles, which can be distilled to effectiveness – whether the condition is robust enough to achieve its goals – and non-excessiveness – whether the condition imposes the minimum deprivation of liberty necessary for its objectives.

meeting for a sexual encounter," and he had "stated that he had a sexual interest in minors").

As to duration, the District Court imposed the condition for only 10 years, which is shorter than conditions imposed in similar cases. *See, e.g.*, *United States v. Shultz*, 733 F.3d 616, 619-21 (6th Cir. 2013) (upholding a condition requiring that a child pornography defendant "not visit, frequent, or remain about any place where children under the age of 18 normally congregate (public parks, playgrounds, etc.) or any business that caters to and/or targets child customers" for life (citation omitted)); *Albertson*, 645 F.3d at 194, 200-01 (upholding a condition prohibiting a child pornography defendant from "associat[ing] with children under the age of 18 (with the exception of his children) except in the presence of an adult who has been approved by the Probation Officer" for 20 years); *United States v. Love*, 593 F.3d 1, 3, 5, 13-14, 14 n.5 (D.C. Cir. 2010) (upholding conditions prohibiting a child pornography defendant from having "direct, or indirect, contact with children under the age of 18" and "loitering in any place where children congregate" for life (and treating an employment restriction as a "lesser included" condition) (citation omitted)); *United States v. Daniels*, 541 F.3d 915, 920, 928-29 (9th Cir. 2008) (upholding a condition barring a child pornography defendant from "frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18" for life). We cannot say that the duration was other than appropriately tailored and reasonably necessary, especially on plain error review.

10

In sum, we agree with the District Court that the condition "involve[s] no greater deprivation of liberty than is reasonably necessary'" for deterrence, protection, and rehabilitation, *Loy*, 237 F.3d at 256, is "sufficient, but not greater than necessary[,]" *Albertson*, 645 F.3d at 197, "is reasonably necessary to protect the public[,]" and is limited to "the minimum time and to the minimum extent necessary to protect the public[,]" *Smith*, 445 F.3d at 717 (citations omitted).  There was no plain error here.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court imposing the challenged condition of supervised release.