# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1502

_____

United States of America

*Plaintiff - Appellee*

v.

Hassan Osman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 11, 2019
Filed: July 11, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Hassan Osman of conspiring to file false tax returns in violation of 18 U.S.C. § 371, aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2, and failing to appear

at a pretrial conference in violation of 18 U.S.C. § 3146(a)(1). The district court[1] sentenced him to 108 months' imprisonment and three years' supervised release. He appeals the sentence, challenging the application of a three-level role enhancement under United States Sentencing Guideline § 3B1.1(b), and the restriction on his computer and internet use during supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

From 2008 to 2011, Osman operated a scheme to prepare false tax returns with Christine Clausen, Christiana Ocholi, and Mo William. They filed tax returns in the names of themselves and others. The false tax returns sought over $965,000 from the Internal Revenue Service (IRS). The IRS paid about $347,000 in refunds, mostly in the form of prepaid debit cards sent to Osman and William. The conspirators initially used tax preparers to file the false returns. In March 2009, they switched to tax software, filing the returns themselves. The conspirators filed many returns from the Internet Protocol (IP) address of Osman's business, Hot Wireless.

A jury convicted Osman on 15 counts: one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371; thirteen counts of aiding and assisting the preparation of a false tax return in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2; and one count of failure to appear at a pretrial conference in violation of 18 U.S.C. § 3146(a)(1). The district court imposed a three-level enhancement under U.S.S.G. § 3B1.1(b) for managing and supervising a criminal operation with five or more participants. The court also imposed a special condition restricting Osman's computer use during supervised release:

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Defendant shall not possess or use a computer or have access to any online service without the prior approval of the U.S. Probation and Pretrial Services Office. Defendant's cooperation shall include, but is not limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which he has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under his control. The computer system or devices may be removed for a more thorough examination, if necessary. Defendant shall contribute to the costs of such monitoring services, based on your ability to pay, as deemed appropriate by the U.S. Probation and Pretrial Services Office.

On appeal, Osman objects to the three-level enhancement and the computer restriction.

## II.

Osman challenges the district court's factual finding that he was a manager or supervisor of the criminal activity, and thus subject to a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b). This court reviews the district court's factual findings for clear error. *United States v. Reid*, 827 F. 3d 797, 800-01 (8th Cir. 2016). *See United States v. Whirlwind Soldier*, 499 F.3d 862, 872 (8th Cir. 2007) (noting that "the defendant's role in the offense" is a finding of fact).

Sentencing Guideline § 3B1.1(b) requires two elements for a three-level enhancement. First, the defendant must act as "manager or supervisor" of an offense. **U.S.S.G. § 3B1.1(b)**. Second, the criminal activity must involve "five or more participants" or be "otherwise extensive." *Id.* Osman does not challenge the second element.

"To qualify for an adjustment under [§ 3B1.1(b)], the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." *United States v. Hammerschmidt*, 881 F.3d 633, 637 (8th Cir. 2018), *quoting* **U.S.S.G. § 3B1.1 cmt. n.2**. The evidence showed Osman recruited the majority of filing conspirators and collected their personal information. He then oversaw the status of the tax returns, obtaining corrected information where necessary. Additionally, he controlled the deposit of the fraudulent refunds. The conspirators relied on him to share these funds with them.

Osman also supervised Clausen, directing her to file at least 30 false tax returns and requiring her to report back "so that Osman could track her progress." Clausen traveled to Hot Wireless once a week to receive personal information that Osman gathered. Clausen made notes about the returns she filed. She returned the notes to Osman for his review. Osman used a computer at Hot Wireless to check the status of returns. He contacted Clausen if the IRS rejected a return. He also controlled the addresses where the IRS sent the refunds. And he controlled how much Clausen received from the refunds. At trial, Clausen testified she felt like she worked for Osman.

These facts support the finding that Osman managed or supervised a criminal activity. *See United States v. Mickle*, 464 F.3d 804, 807-08 (8th Cir. 2006) (upholding a U.S.S.G. § 3B1.1(a) enhancement for defendants who "recruited accomplices, helped plan the offense, claimed a right to a greater share of the proceeds, and exercised control over other participants by setting the terms of the arrangement"); *United States v. Loveless*, 139 F.3d. 587, 594 (8th Cir. 1998) (affirming a three-level U.S.S.G. § 3B 1.1(b) enhancement for a defendant who controlled the finances of a criminal scheme); *United States v. Flores*, 73 F.3d 826, 836 (8th Cir. 1996) (affirming a three-level U.S.S.G. § 3B 1.1(b) enhancement for a defendant who planned and organized large scale drug distributions).

Osman argues he could not have been a manager because Clausen began the scheme. But this is not determinative. "The enhancement does not apply solely to those who first instigated the criminal activity, and the defendant need not be the only organizer or leader." *United States v. Bolden*, 596 F.3d 976, 984 (8th Cir. 2010). *See generally* *United States v. Irlmeier*, 750 F.3d 759, 764 (8th Cir. 2014) (this court defines "manager" and "supervisor" "quite liberally").

The district court did not err in applying a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b) for Osman's role as a manager or supervisor of the criminal activity.

## III.

Osman challenges the condition of supervised release restricting his computer use. Because he failed to object to the condition in the district court, this court reviews for plain error. *See* *Puckett v. United States*, 556 U.S. 129, 135 (2009) (reviewing for plain error where defendant failed to object in district court); *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (same). Under plain error review, Osman must show: "(1) there is error, (2) that is plain, (3) that affects a substantial right, and (4) that seriously affects the integrity or public reputation of judicial proceedings." *United States v. Londondio*, 420 F.3d 777, 786 (8th Cir. 2005), *citing* *United States v. Olano*, 507 U.S. 725, 732-36 (1993).

A special condition of release "must be supported by particularized findings specific to the defendant, rather than be categorically applied to all those found guilty of committing that offense." *United States v. West*, 829 F.3d 1013, 1020 (8th Cir. 2016). *See* *United States v. Wiedower*, 634 F.3d 490, 495-96 (8th Cir. 2011) (reversing, on abuse-of-discretion review, a condition of supervised release because the district court did not individually analyze the appropriateness of the restriction). The government agrees that the district court did not make particularized findings to

support the restriction on computer and internet use.  Failure to make these particularized findings is plain error.  *See **United States v. Carson***, 924 F.3d 467, 474 (8th Cir. 2019) ("We agree with Carson that the district court plainly erred by failing to make any effort to support the challenged conditions (or any other special condition) with individualized findings.").

However, Osman "must still show the error affected his substantial rights." ***Id.*** "Where the basis for an imposed condition is sufficiently evident and can be discerned from the record, reversal is not required by a lack of individualized findings." ***Id.  See United States v. Schaefer***, 675 F.3d 1122, 1124 (8th Cir. 2012) ("While this court encourages detailed findings, it is enough that the basis for the imposed condition can be discerned from the record.").

The record supports the special condition of supervised release.  Osman sent emails instructing Clausen to file false tax returns.  All of the tax returns used a computer.  The conspirators filed tax returns from an IP address at Hot Wireless.  The use of computers and the internet was central to the criminal operation.  *See **United States v. West***, 829 F.3d 1013, 1021  (8th Cir. 2012) (stating that "a restriction could be upheld if the conduct at issue...was central to [the defendant's] offense").

Further, the computer restriction does not impose an unnecessary deprivation of liberty.  Osman may access a computer with the approval and monitoring of the U.S. Probation and Pretrial Services Office.  Thus, he is not absolutely prohibited from computer use during supervised release.  *See **United States v. Goettsch***, 812 F.3d 1169, 1171 (8th Cir. 2016) ("The computer and internet restriction imposed by the district court in this case is reasonable because it is not a total ban on internet and computer use. Goettsch may access computers for employment purposes and may obtain permission from his probation officer to use a computer for any other legitimate personal purpose."); ***United States v. Muhlenbruch***, 682 F.3d 1096, 1104-05 (8th Cir. 2012) ("[W]e find that the restrictions do not involve a greater

-6-

deprivation of liberty than is reasonably necessary under the circumstances. The conditions do not amount to a total ban on computer and internet access because Muhlenbruch 'can seek permission from his probation officer to perform the restricted activities.'").

Osman relies on *United States v. West*, 829 F.3d 1013 (8th Cir. 2012) to argue the condition is invalid. There, this court vacated a condition of supervised release that restricted computer use for a tax evader who promoted his views online. *West*, 829 F.3d at 1013. But this case differs from *West* in significant ways. The defendant in *West* never used a computer to manage or supervise a criminal scheme. *Id.* In fact, the criminal activity there, failure to file a tax return, did not rely on computer or internet use. *Id.* Finally, the *West* defendant objected to his conditions of supervised release at sentencing, and review was for abuse of discretion, not plain error. *Id.* at 1017.

Osman's challenge is without merit. The district court's failure to make particularized findings did not affect Osman's substantial rights.

IV.

In a supplemental brief, Osman presents three issues. First, he objects to the two-level enhancement for using sophisticated means. The district court found that he used fake employers, stolen identities, different addresses and P.O. boxes, and that the scheme was complex, repetitive, and coordinated. *See* **U.S.S.G. § 2B1.1(b)(10)(C) & cmt. n.9(B)**. These findings are not clearly erroneous and adequately support the enhancement. *See* **8th Cir. R. 47B**.

Second, Osman believes the district court did not adequately explain its sentence. To the contrary, on this plain error review, the district court adequately explained its within-guideline sentence. *See United States v. Bistrup*, 449 F.3d 879,

883-84 (8th Cir. 2006) (the sentencing court need not "repeat all of its findings when it decides on a specific term of imprisonment"); *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (this court may give a presumption of reasonableness to a within-guidelines sentence); **8th Cir. R. 47B**.

Third, for the first time on appeal, Osman asserts there was insufficient evidence for the amounts of loss and restitution. To the contrary, the amounts listed in the superceding indictment and the Presentence Investigation Report support the amounts of loss and restitution. *See* **8th Cir. R. 47B**.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____