# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2724
_____

United States of America

*Plaintiff - Appellee*

v.

Henry J. Billiot

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 17, 2015
Filed: May 12, 2015

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and GRITZNER,[1] District
Judge.

_____

GRITZNER, District Judge.

Henry Billiot entered a conditional plea of guilty to a violation of 18 U.S.C. §
2250, traveling in interstate commerce and failing to register as the Sex Offender

_____

[1]The Honorable James E. Gritzner, Senior United States District Judge for the
Southern District of Iowa, sitting by designation.

Registration and Notification Act (SORNA) requires. The district court[2] sentenced Billiot to a term of imprisonment of time served and five years supervised release, which included sex-offender treatment as a special condition. Billiot contends his conviction violates the Ex Post Facto Clause of the U.S. Constitution, and he challenges the district court's imposition of the special condition of supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

The relevant facts are not in dispute. Billiot was convicted in Louisiana state court on three counts of aggravated incest on August 7, 1996, and on one count of aggravated incest on June 4, 1997. The Louisiana state court sentenced Billiot to five years imprisonment for his first conviction and seven concurrent years of imprisonment on his second conviction. Billiot was released from Louisiana state custody in February 2000.

At the time of Billiot's aggravated incest convictions in 1996 and 1997, Louisiana law required convicted sex offenders to register for ten years after release from imprisonment. La. Rev. Stat. § 15:544 (1995) (amended 2012); 1995 La. Sess. Law Serv. Act 928 (S.B. 1263). Subsequent amendments to Louisiana law impose lifetime registration and notification requirements on certain offenders. La. Rev. Stat. § 15:544(B)(2)(a); see generally Smith v. State, 84 So. 3d 487, 490 n.2 (La. 2012) (discussing various amendments to Louisiana's sex offender registration and notification regime).[3]

_____

[2]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

[3]In 1999, the Louisiana Legislature required certain sex offenders, including those who had committed an "aggravated offense," to register for life. 1999 La. Sess. Law Serv. Act 594 (West) (codified at La. Rev. Stat. § 15:542.1 (amended 2012)). In 2007, the Louisiana Legislature amended the definition of "aggravated offense" to

Billiot initially complied with the Louisiana laws requiring him to register as a sex offender. In December 2012, Billiot moved to England, Arkansas, to live with his brother. Billiot admits he knew he had a duty to register as a sex offender, but he failed to do so after moving to Arkansas.

On May 9, 2013, the Grand Jury issued a one count indictment charging Billiot with failure to register in violation of SORNA. On November 21, 2013, Billiot pled guilty to the SORNA violation, but during his colloquy with the court, Billiot asserted that upon release from prison in 2000, Louisiana officials told him he had to register for ten years. Billiot added, that only later did an individual working for the Louisiana sex offender registry tell him that he must register for life.

After this discussion with Billiot, the district court expressed concern about whether there was sufficient evidence Billiot was still under a registration burden in Louisiana at the time he moved to Arkansas. The district court directed the parties to clarify Billiot's registration obligations and to address whether his current prosecution violated the Ex Post Facto Clause. On January 16, 2014, the district court issued a written order concluding that "[t]he extension of Billiot's registration obligation from ten years to life, while he was subject to the original obligation," did not present a "federal constitutional problem."

On April 2, 2014, the district court conducted a second change of plea hearing. The district court allowed Billiot to withdraw his November 21, 2013, guilty plea and

include "[a]ggravated incest (R.S. 14:78.1) involving sexual intercourse, second degree sexual battery, or oral sexual battery." 2007 La. Sess. Law Serv. Act 460 (H.B. 970) (codified at La. Rev. Stat. § 15:541 (amended 2014)). Current Louisiana law requires persons convicted of an "aggravated offense," as defined in Revised Statute section 15:541, to "register and provide notification for the duration of their lifetime." La. Rev. Stat. § 15:544(B)(2). Resolution of this case does not require us to consider the application of Louisiana's sex offender laws to Billiot.

enter a conditional guilty plea pursuant to a plea agreement that allowed Billiot to appeal the Ex Post Facto issue. The district court explained the elements of 18 U.S.C. § 2250, Billiot admitted he committed each of the elements, and Billiot pled guilty.

On July 3, 2014, the district court sentenced Billiot to time served[4] and five years supervised release that included a special condition requiring Billiot to participate in mental health counseling specializing in sexual offender treatment. At the sentencing hearing, Billiot's attorney made an oral motion to remove the special condition of sex offender treatment asserting it was unnecessary and unrelated to the current conviction. The district court denied the motion.

## II. Discussion

### A. Ex Post Facto Challenge

We review challenges to a statute's constitutionality *de novo*. United States v. Anderson, 771 F.3d 1064, 1066 (8th Cir. 2014). Billiot argues the changes in Louisiana law enacted after his 1997 conviction requiring him to register as a sex offender for life violate the Ex Post Facto Clause of the U.S. Constitution. The Government responds that Louisiana's sex offender registration laws do not violate the federal Ex Post Facto Clause.

The parties' positions aside, an Ex Post Facto challenge to Louisiana's sex offender registration and notification laws is misplaced in this case. Billiot pled guilty to violating 18 U.S.C. § 2250, which provides that anyone who is "required to register under the Sex Offender Registration and Notification Act," who "travels in interstate or foreign commerce," and "knowingly fails to register or update a registration as

---

[4]Billiot had been in federal custody since his July 17, 2013, arraignment.

required by the Sex Offender Registration and Notification Act; shall be fined . . . or imprisoned not more than 10 years, or both."

SORNA, a federal law enacted in 2006, provides in relevant part "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides . . . ." 42 U.S.C. § 16913. Although SORNA requires states to "maintain a jurisdiction-wide sex offender registry," SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement. Id. §§ 16912, 16913. Independent of any state-law registration requirement, SORNA requires a "sex offender," which SORNA defines as an individual who was convicted of a "sex offense," to register for a period contingent on the offender's tier categorization defined by § 16911. Id. §§ 16913, 16911(1), 16915. While the SORNA obligations are imposed as a result of the under-lying sex offense convictions in Louisiana, those obligations are independent of the state reporting requirements. Billiot is before us having admitted the essential facts and having been convicted of the federal offense, which includes a reporting require-ment that remains in force, and which is not challenged on this appeal. Therefore, as the constitutionality and applicability of Louisiana's sex offender registration requirements have no bearing on Billiot's SORNA conviction in this case, we decline to address either.

To the extent Billiot's appeal could be considered a challenge to SORNA on Ex Post Facto grounds, circuit precedent directs our conclusion. See United States v. May, 535 F.3d 912, 920 (8th Cir. 2008) (rejecting an Ex Post Facto challenge to SORNA explaining "[t]he only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA"), abrogated on other grounds by Reynolds v. United States, 132 S. Ct. 975 (2012); United States v. Waddle, 612 F.3d 1027, 1029-30 (8th Cir. 2010) (same). See also United States v. Kebodeaux, 133 S. Ct. 2496, 2500 (2013) (assuming for the

purpose of the case that in enacting SORNA, "Congress has complied with the Constitution's Ex Post Facto and Due Process Clauses" and noting that Smith v. Doe, 538 U.S. 84, 105-06 (2003), upheld "a similar Alaska statute against *ex post facto* challenge").

## B.    Special Condition of Supervised Release

Our decision in United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc), forecloses Billiot's challenge to the special conditions of supervised release. In that case, the defendant pled guilty to transporting a minor for illegal sexual activity and entered into a plea agreement waiving "all rights to appeal whatever sentence is imposed." Id. at 888. Like Billiot, the defendant appealed and argued the "conditions of his supervised release are illegal because they are generic conditions imposed without regard to the specific characteristics of his crime as required by 18 U.S.C. § 3583(d)." Id.

In dismissing the appeal, we held that the defendant's voluntary appeal waiver prevented consideration of whether the district court abused its discretion in imposing special conditions of supervised release. Id. at 893-94 (citing United States v. Sines, 303 F.3d 793, 797-98 (7th Cir. 2002) (holding the defendant's special condition of supervised release requiring sex-offender treatment, despite the fact that the defendant's present offense was not a sex crime, he had already completed sex offender treatment, and he had no illegal contact with a minor in over ten years, was unreviewable because the defendant waived his appellate rights)).

Billiot signed a plea agreement that allowed Billiot the right to appeal the Ex Post Facto issue but waived all other appeal rights. Billiot does not argue that the plea agreement was unknowing or involuntary or that enforcing it would work a miscarriage of justice. Accordingly, the imposition of the special condition of supervised release requiring sex-offender treatment is unreviewable.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____