# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2455

_____

United States of America

*Plaintiff - Appellee*

v.

Tyrone Valentine

*Defendant - Appellant*

_____

No. 15-2743

_____

United States of America

*Plaintiff - Appellant*

v.

Tyrone Valentine

*Defendant - Appellee*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Pursuant to a written plea agreement, Tyrone Valentine pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court,[1] applying the Armed Career Criminal Act (ACCA) over Valentine's constitutional objections, varied below the resulting Guidelines range and imposed the statutory minimum of 15 years in prison and 3 years of supervised release. Valentine directly appeals, and the government cross-appeals. Valentine's counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Valentine raises additional arguments in a pro se supplement brief.

Initially, this court finds that Valentine's arguments on appeal about an involuntary plea, and ineffective assistance of counsel, are not appropriate for consideration in this direct appeal. *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006); *United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005). As to the renewed arguments about the constitutionality of the ACCA, the district court did not err in overruling the constitutional objections raised below. *See United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) (de novo review). Valentine's sentence does not implicate *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his sentence was not increased under the ACCA's residual clause;

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

and circuit law forecloses Valentine's arguments that the ACCA violates the Sixth Amendment, *see United States v. Daniels*, 775 F.3d 1001, 1005-06 (8th Cir. 2014); the Eighth Amendment, *see United States v. Montgomery*, 701 F.3d 1218, 1224 (8th Cir. 2012); separation of powers, *see United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997); and due process, *see United States v. Jones*, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam).

Valentine also argues on appeal that the district court erred in finding that his prior Missouri conviction for two counts of first-degree assault constituted two predicate offenses under the ACCA--an issue this court reviews only for plain error given the absence of any objection below. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005). The court did not plainly err, because Valentine stipulated in the plea agreement that the two offenses were "committed on occasions different from one another," *see* 18 U.S.C. § 924(e)(1); and further, unobjected-to factual statements in the presentence report show that the assaults occurred in different years and against different victims at different locations, *see United States v. Beatty*, 9 F.3d 686, 690 (8th Cir.1993); *see also United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014) ("To qualify as predicate offenses under the statute, each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct.").[2]

Valentine's remaining claims fall within the scope of his plea agreement's appeal waiver, which this court will enforce, *see United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review), because Valentine's sworn testimony at the plea hearing shows that he entered into the plea agreement, and the appeal waiver, knowingly and voluntarily; and dismissing the appeal based on the waiver will not result in a miscarriage of justice, *see United States v. Andis*, 333 F.3d 886, 889-90

---

[2]Valentine does not challenge the court's finding that a federal drug conviction constituted a third predicate offense.

(8th Cir. 2003) (en banc).  Further, review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no nonfrivolous issues that fall outside the scope of the appeal waiver.

Accordingly, having jurisdiction under 28 U.S.C. § 1291, this court declines to consider Valentine's involuntary-plea and ineffective-assistance claims in this direct appeal; affirms the district court's application of the Armed Career Criminal Act; and dismisses the remainder of No. 15-2455 based upon the appeal waiver.  The government's cross-appeal may proceed, and this court defers ruling on the motion of Valentine's counsel to withdraw until the cross-appeal is disposed of, either by dismissal or by a decision of this court.

_____