# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1727
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony O. Terry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 6, 2017
Filed: July 5, 2017
[Unpublished]

_____

Before RILEY, Chief Judge,[1] SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Anthony Terry pleaded guilty to violating 18 U.S.C. § 2252(a)(2) twice by attempting to receive child pornography over the Internet. The district court,[2] applying a distribution enhancement when calculating Terry's Guidelines range, sentenced Terry to 180-month concurrent terms of imprisonment on each count. The court also imposed many long-term special supervised-release conditions. These conditions require Terry (1) not to contact anyone under 18 without prior probation approval; (2) not to have Internet-connected electronics without prior probation approval; (3) not to have an account on a social-networking site that allows access to people under 18 or that allows sexually explicit materials; and (4) to let third parties disclose his criminal history and computer restrictions to any would-be employers. Terry appeals the distribution enhancement and these supervised-release conditions, which are special conditions 4, 10, 12, and 13 of his judgment.

Terry waived his right to appeal in his plea agreement, subject to certain exceptions that do not apply here. But Terry contends that the waiver is unenforceable because applying these supervised release conditions and distribution enhancement would be a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc).

In *Andis*, we held that an appeal of supervised-release conditions allegedly imposed in violation of 18 U.S.C. § 3583(d) (the statute governing supervised-release conditions) did not involve a miscarriage of justice in the form of an illegal sentence. *Id.* at 892–94. The reason, we explained, was that § 3583(d) "provides the district court with broad discretion to impose conditions the court considers to be appropriate in setting a term of supervised release." *Id.* at 893. Thus, "Mr. Andis's appeal waiver prevent[ed] this Court from reviewing the conditions of his supervised release and determining whether the district court abused its discretion in imposing those

_____

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conditions." *Id.* at 893–94. We noted, too, that "the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception." *Id.* at 892. We do not see how Terry's case compels a different result from the one in *Andis*, which involved similar supervised-release conditions. *See id.* at 893. Moreover, Terry faults the district court for allegedly not making an individualized assessment when imposing the special conditions, but he fails to acknowledge that the district court based the conditions on the facts as stated in his plea agreement.

Terry's challenge to the distribution enhancement likewise fails. He alleges that the district court erroneously enhanced his sentence under U.S.S.G. § 2G2.2(b)(3)(B) because the record does not support a finding that he intended to distribute pornography. Not only did Terry fail to object to this enhancement, he stipulated to it in his plea agreement. He agreed that "[b]ecause the offenses involved distribution of child pornography images in exchange for or receipt of a thing of value[,] the base offense level is enhanced 5 points, pursuant to U.S.S.G. § 2G2.2(b)(3)(B)." Terry also agreed that "the factual admissions contained in Paragraph 3 of [the] plea agreement . . . support the imposition of the agreed-upon Guidelines calculations contained in [the] agreement." By these agreements, Terry waived his challenge to the enhancement. "A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995). Put another way, Terry "merely received what he had bargained for." *Id.*

Accordingly, we dismiss Terry's appeal.

_____

-3-