# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2316

———————————————

United States of America

*Plaintiff - Appellee*

v.

Clarence C. Garretson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: January 12, 2018
Filed: January 23, 2018
[Unpublished]

——————————

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

In this direct criminal appeal, Clarence Garretson challenges the sentence the district court[1] imposed following his guilty plea to transporting minors in interstate

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

commerce with the intent to engage in criminal sexual activity. His counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967), discussing the reasonableness of the sentence. Garretson has filed a pro se supplemental brief, in which he argues that the district court did not properly consider the 18 U.S.C. § 3553(a) factors; and that the statute of conviction provides for a sentence that is "grossly disproportionate" to the offense, and is overly broad.

As to the reasonableness of the sentence, we conclude that the district court did not abuse its discretion, as it properly considered the section 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (standard of review); United States v. Wohlman, 651 F.3d 878, 887 (8th Cir. 2011); and the sentence was within the Guidelines range, see United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014).

As to Garretson's pro se arguments, we conclude that a life sentence is not grossly disproportionate to the crimes, given the number of victims, the severity of the abuse, and the span of time over which the abuse occurred, see United States v. Scott, 610 F.3d 1009, 1017 (8th Cir. 2010) (standard of review); and that the statute is not overly broad, see United States v. Billiot, 785 F.3d 1266, 1269 (8th Cir. 2015) (standard of review).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____