# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1458

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Richard Dallman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 12, 2018
Filed: April 11, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Mark Richard Dallman pled guilty to one count of failure to register as a sex offender after traveling in interstate commerce in violation of the Sex Offender

Registration and Notification Act, 18 U.S.C. § 2250(a). The district court[1] sentenced Dallman to time served followed by a lifetime of supervised release.

Dallman challenges a special condition prohibiting him from possessing or using any electronic device with internet access without the prior approval of his probation officer. While we have jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal because Dallman knowingly and voluntarily entered a plea agreement waiving his right to appeal.

## I.    Background

Because Dallman was convicted of Class A felony rape of a child in Washington in 1997, he is required to register as a sex offender for the rest of his life. In August 2013, the United States Marshal's Service became aware that Dallman was living at an RV park in West Plains, Missouri, without having registered as a sex offender. Members of the local sheriff's department went to Dallman's residence where he presented a Missouri driver's license bearing the name John Monroe Sanders, a Missouri man who died in 1971. An investigation showed that Dallman had been using Sanders's name since at least 2007,[2] having used the internet to discover the identity of a young man who had died without survivors. Dallman had been residing as Sanders at the RV park for approximately 18 months. The officers arrested Dallman as an unregistered sex offender.[3]

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

[2]A duplicate Social Security card was issued twice in Sanders's name in 2007.

[3]An arrest warrant was also issued in 2008 in Pierce County, Washington, for failure to register as a sex offender. As of the writing of the Presentence Investigation Report, that warrant remained active.

After Dallman's arrest, a search was conducted on his computer, which revealed a video of child pornography. The search of the computer was challenging because the computer was organized in a highly complicated manner with multiple partitions, operating systems, and hard drives.

Dallman was charged in three counts: failure to register as a sex offender, possession of child pornography, and receipt and distribution of child pornography. On November 17, 2016, Dallman pled guilty pursuant to a plea agreement to Count One, failure to register as a sex offender. The two child pornography counts were dismissed following a successful motion to suppress the search of the computer. Dallman's plea agreement includes the following appeal waiver:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of . . . (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

The district court sentenced Dallman to time served followed by supervised release for life. He objected to special condition (m), which prohibits the possession or use of an electronic device with internet access without prior approval from a probation officer. Dallman requested that he be allowed to access religious materials and contact friends and family via the internet. The court was unpersuaded, noting that Dallman "has undergone a persistent pattern of efforts to avoid his responsibilities to register as a sex offender." The court specifically noted that it was not inclined to modify special condition (m) because the "problem is that we have [a] probation office with limited resources and it's a lot harder to keep track of someone as to exactly what they're doing on a computer than it is to tell them just don't have a computer."

In spite of the court's inclination, it slightly modified special condition (m):

> The defendant shall not possess or use any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network. The Probation Officer shall attempt to allow the defendant computer access as necessary to participate in religious services, activities and studies pertaining to Jehovah Witness.

The court also explained at sentencing that Dallman could still communicate with family by telephone or mail and that the court was leaving to the probation office's discretion whether to allow online family communications. Dallman now appeals the imposition of special condition (m).

## II.    Discussion

Dallman claims the appeal waiver does not bar his appeal because his sentence constitutes an illegal sentence and results in a miscarriage of justice. Specifically, he asserts that, in his case, lifetime supervision with special condition (m) is an illegal sentence because 18 U.S.C. § 3583(d) requires that "[s]uch conditions . . . be narrowly tailored in each case to not restrict a defendant's rights any more than reasonably necessary to protect the public and help the defendant transition back into society." Appellant's Br. 6.

We review de novo issues concerning the interpretation and enforcement of a plea agreement and the application of appeal waivers. United States v. Cvijanovich, 556 F.3d 857, 862 (8th Cir. 2009); United States v. Quiroga, 554 F.3d 1150, 1155 (8th Cir. 2009) (citations omitted). When we review an appeal waiver, we must determine: (1) whether the appeal falls within the scope of the waiver, (2) whether the plea agreement and waiver were entered into knowingly and voluntarily, and (3) whether enforcing the waiver would result in a miscarriage of justice. United States

v. Andis, 333 F.3d 886, 889–890 (8th Cir. 2003) (en banc). If the appeal waiver does not bar review of a condition of supervised release, we review the imposition of the condition for abuse of discretion. United States v. Mefford, 711 F.3d 923, 926 (8th Cir. 2013) (citing United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007)).

### A. Dallman's appeal waiver forecloses his challenge to the special condition.

Our decisions in Andis and United States v. Billiot, 785 F.3d 1266 (8th Cir. 2015), foreclose Dallman's challenge to special condition (m). In both cases, the defendant argued—like Dallman—that "the conditions of his supervised release are illegal because they are generic conditions imposed without regard to the specific characteristics of his crime as required by 18 U.S.C. § 3583(d)." Billiot, 785 F.3d at 1269 (quoting Andis, 333 F.3d at 888). In Andis, we held that the imposition of supervised release conditions allegedly imposed in violation of 18 U.S.C. § 3583(d) did not involve an illegal sentence or miscarriage of justice so as to overcome an appeal waiver. 333 F.3d at 892–94. We followed this holding more recently in Billiot in declining to review a condition of supervised release. 785 F.3d at 1269.

Last year in United States v. Terry, 692 Fed. Appx. 318 (8th Cir. 2017), we dismissed an appeal challenging several special conditions of supervised release, including one nearly identical to the condition Dallman is challenging. We do not see how Dallman's case compels a different result from the one in Andis or in Terry. "Where a defendant . . . does not claim that he failed to enter into an appeal waiver knowingly and voluntarily, or that the supervised release conditions constituted a miscarriage of justice because they were based on some constitutionally impermissible factor, such as race, the conditions are not subject to review on appeal." Andis, 333 F.3d at 894. Nor is the term of supervised release itself reviewable under the terms of the appeal waiver because it is not an illegal "sentence imposed in excess of the statutory maximum."

**B.** **Even if this appeal were not barred by the appeal waiver, Dallman is not entitled to relief because the district court did not abuse its discretion.**

Even if the appeal waiver did not foreclose Dallman's appeal, he would not be entitled to relief. Under the supervised release statute, a district court may impose special conditions of supervised release if the conditions are reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d). When reviewing a special condition of supervised release, "[w]e look to whether there was evidence 'the defendant did more than merely possess child pornography' and whether the restriction amounts to a total ban on internet and computer use." United States v. Koch, 625 F.3d 470, 481 (8th Cir. 2010) (quoting United States v. Ristine, 335 F.3d 692, 696 (8th Cir. 2003)).

This is not a case involving mere possession of child pornography. Although only one video containing child pornography was found on Dallman's computer, his use of computers and the internet was justifiably concerning to the district court. Dallman used the internet to steal another person's identity so that he could avoid his responsibility to register as a sex offender. Through such efforts, Dallman successfully evaded the registration requirement for years. The district court questioned "why he's trying so hard to avoid his responsibility to register." The presence of the child pornography, the unusually complex organization of Dallman's computer (clearly designed to render search more difficult), and Dallman's computer sophistication all demonstrate that he poses a significant monitoring challenge to his supervising probation officer. See id. (noting that the defendant was a sophisticated computer user).

-6-

Even though the district court noted that it was more difficult to track an offender's computer use than it was to tell him "just don't have a computer[,]" special condition (m) is not a complete ban on computers or internet-connected electronics. The special condition allows use of computer technology if approved by a probation officer "who will have the guidance of our case law, which recognizes the importance of computers and internet access for education, employment, and communication, when considering [Dallman's] requests." 625 F.3d at 482. The district court also specifically addressed Dallman's concerns by tailoring special condition (m) to instruct the probation office to be cooperative with his religious efforts and discretionary in allowing online communications with family. The district court did not abuse its discretion by imposing special condition (m).

## III.  Conclusion

Because the appeal waiver knowingly and voluntarily entered into by Dallman prevents this court from reviewing the conditions of his supervised release, we dismiss his appeal.

———————————————