# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2080

_____

United States of America

*Plaintiff - Appellee*

v.

Shawn Duane Miller, also known as Karsten Von Dem Bach

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: February 14, 2022
Filed: June 14, 2022
[Unpublished]

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After he pled guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of sexual exploitation of a minor,

in violation of 18 U.S.C. § 2251(a), (e), the district court[1] sentenced Shawn Miller to 365 months imprisonment, to run consecutively to a 15-year sentence that he received in North Dakota state court. Miller appeals, arguing that the district court erred in ordering the sentence to run consecutively to his state-court sentence and in imposing a substantively unreasonable sentence. Concluding that Miller's appeal is barred by the appeal waiver contained in his plea agreement, we dismiss the appeal.

Miller's convictions arose from his long-term efforts to defraud and terrorize the Doll family after meeting Jill Doll on a dating website. After ingratiating himself with Jill Doll and her family and misrepresenting himself as a CIA agent, an assassin, a snowmobile racer, an author with a $25 million book deal, and the beneficiary of a multi-million dollar trust fund, Miller arranged his fraudulent marriage to Jill Doll and ultimately defrauded her family of over $500,000. Miller also physically threatened the Doll family with various firearms, sexually molested both of Jill Doll's minor daughters, and took photographs depicting the sexual abuse of one of her daughters. Miller was convicted in North Dakota state court for continuous sexual abuse of a child related to his abuse of Jill Doll's older daughter, for which he was sentenced to 30 years imprisonment, with 15 years of that sentence suspended. For his other actions, he was indicted in federal court on the four counts that form the offenses of conviction for this appeal.

Miller entered a guilty plea to all four counts pursuant to a written plea agreement. The plea agreement contains an express "Waiver of Appeal" provision, which states:

> Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

During the colloquy with the district court at his change of plea hearing, the district court specifically questioned Miller about his decision to enter into the plea agreement generally and, specifically, his decision to waive his appellate rights. The district court questioned Miller about his mental state and elicited responses from Miller that he was generally satisfied with the performance of his attorney, had read and understood the terms of the plea agreement, had gone over the plea agreement with his attorney, had not been forced, threatened, or pressured in any way to enter a guilty plea, and had not received any promises in exchange for a guilty plea, apart from those contained in the plea agreement. The district court also specifically identified the rights that Miller would be giving up by pleading guilty, and Miller affirmed that he understood that he was relinquishing these rights. Miller also explicitly acknowledged that he understood that he was waiving certain appellate rights as part of his plea agreement.

At the sentencing hearing, the district court calculated Miller's United States Sentencing Guidelines range as 292 to 365 months imprisonment. The district court sentenced Miller to 360 months imprisonment for the sexual exploitation of a minor count and 5 months imprisonment for the remaining counts of conviction, for a total sentence of 365 months imprisonment. The district court also imposed a lifetime

term of supervised release and ordered Miller to pay $514,853.55 in restitution. Finally, the district court ordered Miller's sentence to run consecutively to the term of imprisonment imposed by the North Dakota state court.

Miller appeals, arguing that the district court erred in sentencing him to a consecutive term of imprisonment and imposing a substantively unreasonable sentence. The government argues that Miller's claims are barred by the appeal waiver contained in his plea agreement. "We review de novo issues concerning the interpretation and enforcement of a plea agreement and the application of appeal waivers." United States v. Dallman, 886 F.3d 1277, 1280 (8th Cir. 2018). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

We conclude that Miller's claims fall within the scope of his appeal waiver. The appeal waiver preserves Miller's right to appeal in two instances: if the district court imposed a sentence above the upper end of the Guidelines range or on the basis of ineffective assistance of counsel. Miller's claims about whether his sentence should have run consecutively to his state court sentence and about the substantive reasonableness of his sentence clearly do not relate to either of the two grounds on which he may appeal; the district court sentenced Miller to a within-Guidelines range sentence, and his appeal in no way can be considered a direct appeal or collateral attack alleging ineffective assistance of counsel. Further, we conclude that the record demonstrates that Miller knowingly and voluntarily entered into the plea agreement and appeal waiver. The district court questioned Miller extensively at his change of plea hearing to ensure that Miller understood the consequences of pleading guilty pursuant to the plea agreement, that he was entering into the plea agreement and its terms voluntarily, without the influence or interference of any outside source, and that he understood that he was giving up certain appellate rights by entering into the plea agreement. The record thus sufficiently demonstrates that Miller's plea

agreement and appeal waiver were both knowing and voluntary. <u>See</u> <u>United States v. Sisco</u>, 576 F.3d 791, 796 (8th Cir. 2009) (finding that plea agreement and appeal waiver were knowing and voluntary based in part on colloquy between district court and defendant). Finally, we conclude that enforcement of the waiver would not result in a miscarriage of justice. <u>See</u> <u>United States v. Sisco</u>, 576 F.3d 791, 796 (8th Cir. 2009) ("[T]he 'miscarriage of justice' exception is a narrow one that may arise in only limited contexts." (citation omitted)).

We accordingly enforce the appeal waiver and dismiss the appeal.

_____