# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2375
_____

Curtis David Barker

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: October 6, 2023
Filed: October 17, 2023
[Unpublished]
_____

Before GRUENDER, BENTON and GRASZ, Circuit Judges.
_____

PER CURIAM.

Curtis David Barker appeals the partial denial of his 28 U.S.C. § 2255 motion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court granted Barker a certificate of appealability on the issue whether appellate counsel provided ineffective assistance by failing to challenge the imposition of special conditions of supervised release related to sex offenders.

The district court[1] granted relief regarding the federal sex offender registration requirement, but not with respect to the state registration requirement or the other special conditions for sex offenders.

This court reviews the denial of a section 2255 motion de novo. *See Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020). Counsel was not ineffective in not raising this issue as plain error on direct appeal because it was barred by the appeal waiver in the plea agreement. Failure to assert that claim was objectively reasonable. *See United States v. Carson*, 924 F.3d 467, 471-73 (8th Cir. 2019).

An appeal waiver is enforced if (1) the appeal falls within the waiver's scope, (2) the plea agreement and the waiver were entered into knowingly and voluntarily, and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Barker's claim that the district court committed plain error in imposing the release conditions does not fall within any of his plea agreement's waiver exceptions: ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. The challenged supervised release conditions do not involve an illegal sentence or a miscarriage of justice. *See id.* at 892 (rejecting claim that unjustified special sex offender conditions rendered sentence illegal; illegal sentence exception is extremely narrow and any sentence imposed within statutory range is not subject to appeal); *United States v. Dallman,* 886 F.3d 1277, 1280 (8th Cir. 2018).

Barker assured the court at sentencing that he understood he was waiving his right to appeal his sentence except on narrow grounds. He does not assert that his waiver was not knowing and voluntary. Conditions of supervised release imposed

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

by a district court do not fall within the miscarriage of justice exception, unless the conditions are based on race or some other constitutionally impermissible factor. *See Andis*, 333 F.3d at 891-92; *Dallman*, 886 F.3d at 1280-81. There is no constitutionally impermissible factor in Barker's case.

Defense counsel filed an affidavit detailing his discussions with Barker about the applicability of the supervised release provision and Barker's lack of objection to that provision. Barker's other numerous objections were made. The affidavit does not explain his appeal strategy, but counsel did appeal the denial of Barker's motion to suppress, which was preserved in the plea agreement. *See United States v. Barker*, 807 Fed. Appx. 580, 581 (8th Cir. 2020).

Appellate counsel's failure to also challenge the supervised release conditions was objectively reasonable because counsel could have reasonably believed that the claim was barred by Barker's knowing and voluntary appeal waiver under *Andis* and *Dallman*. *See Walker v. United States*, 810 F.3d 568, 579-80 (8th Cir. 2016) (counsel not required to raise every colorable claim on appeal; absent evidence to contrary, a court presumes counsel's decision not to argue additional claim of clear error was exercise of sound appellate strategy).

This court need not reach the government's assertion that Barker cannot show prejudice because he can seek modification of his supervised release conditions at any time under 18 U.S.C. § 3583(e)(2). *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) (no reason for court deciding ineffective assistance claim to address both deficient performance and prejudice requirements if defendant makes insufficient showing on one); *see also United States v. Smith*, 961 F.3d 1000, 1007 (8th Cir. 2020) (affirming modification).

The judgment is affirmed.

_____