# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3427
_____

United States of America

*Plaintiff - Appellee*

v.

Keyonn Connors

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 6, 2024
Filed: August 12, 2024
[Unpublished]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Keyonn Connors rode as a passenger in a vehicle driven by Zavion Davis. A police officer in North Little Rock, Arkansas, saw the vehicle traveling in the wrong direction on a one-way street. She initiated a traffic stop. As the officer approached the vehicle, she smelled a strong marijuana odor. She asked Davis whether he or his passengers had anything illegal. Davis replied, "[J]ust a little weed." R. Doc. 1, at 5.

Having probable cause, the officer searched the vehicle.[1] Inside, she found a large backpack that belonged to Connors. The backpack contained an AM-15 rifle loaded with 20 rounds of ammunition. The rifle had been illegally modified for fully automatic fire.

Three days later, Connors agreed to a police interview. He disclosed that he was a felon on probation, acknowledged that the backpack belonged to him, and admitted that he knew the backpack held a firearm. However, Connors insisted that the firearm was not his. He claimed that a friend owned the firearm and that he was temporarily holding onto the firearm for the friend. When police asked Connors to name the friend, Connors refused to do so. He denied knowing that the firearm was capable of fully automatic fire, and he denied his status as a prohibited person.

The federal government obtained a two-count indictment against Connors for unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and unlawfully possessing a machine gun, in violation of 18 U.S.C. § 922(o)(1). The parties reached a plea agreement. Connors pleaded guilty to the felon-in-possession count, and the government dismissed the machine-gun count. Connors also signed an appeal waiver, reserving his right to appeal (1) jurisdiction, (2) prosecutorial misconduct, and (3) a sentence above the Sentencing Guidelines' range.

Applying the Guidelines, the district court[2] calculated an advisory sentencing range of 37 to 46 months' imprisonment. The court asked the parties for sentencing recommendations. Connors requested lenience because of deprivations suffered in

---

[1]*See United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020) ("We have repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception."); *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999) ("When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers [found within the car].").

[2]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

his upbringing, obligations toward his minor daughter, and physical and mental hardship stemming from the deformity of his hand.[3] The government said that it would defer to the court's judgment.

The court varied upward from the Guidelines and imposed a sentence of 80 months' imprisonment. It reasoned that 80 months was appropriate and no greater than necessary to deter Connors from committing future crimes and to protect the public from him. *See* 18 U.S.C. § 3553(a) (sentencing factors). Specifically, the court expressed concern about Connors's criminal history. Two years before the instant offense, Connors went to his ex-girlfriend's (his daughter's mother's) home with a firearm. While there, he fired 10 to 12 rounds into the unoccupied family vehicle. The court said that Connors's past and present crimes involving firearms show that he is "a danger to the community." R. Doc. 39, at 15. Connors's counsel objected to the sentence, arguing that Connors has "a good relationship with" his ex-girlfriend and that 80 months' imprisonment will put him "out of his child's life." *Id.* at 16–17.

On appeal, Connors argues that his sentence is procedurally unsound and substantively unreasonable. The government argues that Connors waived his right to bring a procedural challenge, and it defends the sentence as reasonable.

"We review de novo issues concerning the interpretation and enforcement of a plea agreement and the application of appeal waivers." *United States v. Dallman*, 886 F.3d 1277, 1280 (8th Cir. 2018). "An appeal waiver requires dismissal of an appeal if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice." *United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Here, Connors does not assert that he unknowingly or involuntarily waived his right to appeal, and he does not dispute that his procedural

---

[3]As a child, Connors was injured when a firework exploded in his hand.

challenge falls within the scope of his waiver. Therefore, his procedural challenge can succeed only if dismissal would result in a miscarriage of justice.

"The miscarriage-of-justice exception is a narrow one that arises in only limited contexts. We have recognized it for challenges to an illegal sentence, to a sentence that violates the terms of an agreement, and where ineffective assistance of counsel rendered the appeal waiver itself unknowing and involuntary." *United States v. Williams*, 81 F.4th 835, 840 (8th Cir. 2023) (cleaned up). Connors's sentence is not illegal, *see* 18 U.S.C. § 924(a)(8) (authorizing up to 15 years' imprisonment for a felon-in-possession offense); it does not violate his plea agreement; and he makes no showing that his counsel ineffectively assisted him, *see United States v. Dennis*, 81 F.4th 764, 770 n.2 (8th Cir. 2023) (declining to address an ineffective-assistance-of-counsel claim on direct appeal). Accordingly, we dismiss Connors's challenge to his sentence's procedural soundness as waived. *See Scott*, 627 F.3d at 704.

Turning to the sentence's substantive reasonableness, we review for abuse of discretion. *United States v. Merrett*, 8 F.4th 743, 751 (8th Cir. 2021). We will find an abuse of discretion "when the district court (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. May*, 70 F.4th 1064, 1072–73 (8th Cir. 2023) (internal quotation marks omitted).

Here, Connors argues that the district court committed "an error in judgment in weighing the sentencing factors." Appellant's Br. at 14. He primarily contends that the district court gave too much weight to his criminal history. He repeats his claim that he has "a good relationship with the mother of his child," and he notes that his prior crime of firing upon the family vehicle "was already accounted for within the criminal history guideline calculations." *Id.* at 16.

"[A] sentencing court may vary upward based on criminal history already accounted for by the Guidelines." *United States v. Haskins*, 101 F.4th 997, 1000 (8th Cir. 2024) (quoting *United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023)). We

-4-

conclude that the district court did not clearly err when it gave significant weight to Connors's prior crime against his daughter's mother. Although the family vehicle was unoccupied, Connors's past choice to discharge a firearm during a domestic dispute, together with his instant choice to possess a firearm illegally, sufficiently supports the district court's judgment. The imposition of an above-Guidelines sentence was not an abuse of discretion. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C); *United States v. Timberlake*, 679 F.3d 1008, 1012–13 (8th Cir. 2012) (affirming an upward variance to 80 months' imprisonment based on the defendant's "frequent firearm convictions and his high likelihood of recidivism," notwithstanding his "unstable and tragic childhood" and obligations toward his minor daughter).

For these reasons, we dismiss Connors's procedural challenge as waived, and we affirm his sentence as substantively reasonable.

_____