# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2043
_____

United States of America

*Plaintiff - Appellee*

v.

Joel Rich

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 17, 2025
Filed: April 1, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Joel Rich appeals after the district court[1] revoked his supervised release, sentenced him to four months imprisonment, and added a new special condition of

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release preventing all contact with Mary Kisling. He appeals the imposition of this new special condition.

Rich's underlying conviction is for the production of child pornography involving a fifteen-year-old girl in violation of 18 U.S.C. §§ 2251(a) & (e) and 2(a) & (b). While on supervised release, his probation officer learned that Rich frequented Kisling's home when her three minor children, a sixteen-year-old girl and two boys, were present. This activity violated two conditions of supervised release: (1) no contact with children under the age of eighteen and (2) no presence at places where children under the age of eighteen congregate. When the probation officer questioned Kisling, she falsely told the officer that Rich never visited while her children were present.

Rich admitted to the foregoing violations as well as to the violations of associating with a felon and failure to truthfully answer inquiries. He did not object to the imposition of the special condition of no contact with Kisling.

We review for plain error an unobjected-to condition of supervised release. United States v. Simons, 614 F.3d 475, 478 (8th Cir. 2010). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." Id. at 479 (quoting United States v. Crose, 284 F.3d 911, 912 (8th Cir. 2002) (per curiam)).

After a thorough review of the record, we find no plain error with the special condition. It is a corollary to the valid conditions of no contact with minors and no presence at a place where children congregate, and Kisling both facilitated the violation of these conditions and concealed the violation from the authorities. See id. at 481 (condition that the defendant have no contact with minors is adequately supported when the defendant has a conviction for a child pornography offense).

Accordingly, we affirm.

_____